UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION -- LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NO. 5:15-03-KKC |
| Plaintiff, | |
| V. | OPINION AND ORDER |
| JAMES RICHARD BAILEY, JR., | |
| Defendant. | |

*** *** ***

This matter is before the Court on the defendant's motion (DE 32) seeking a review of the magistrate judge's order (DE 18) requiring that he be detained while awaiting trial.

### I.  Background

The defendant, James Richard Bailey, Jr., is charged with one count of conspiring with others to distribute five kilograms or more of a substance containing a detectable amount of cocaine. After the filing of the indictment, Bailey was arrested in the Northern District of Georgia at Atlanta. At his arraignment, the government moved for his detention pending trial. The magistrate judge conducted a hearing on the issue and determined that Bailey should be detained. Bailey asks this Court to review that order pursuant to 18 U.S.C. § 3145(b).

### II. Analysis

The Court will conduct a *de novo* review of the magistrate judge's detention order. The statute does not specifically require that this Court conduct an additional hearing and, in his motion, Bailey does not rely on or explain any additional evidence that he would proffer in support of the motion. Accordingly, a second detention hearing is not necessary. *See United States v. Gaviria*, 828 F.2d 667, 670 (11th Cir.1987); *United States v. Watkins* , No.

13-02-KSF, 2013 WL 614252, at * 4 (E.D. Ky. 2013); *United States v.* Jones, No. 12:CR-105, 2012 WL 6737784, at * 1, n.1 (D. Conn. 2012); *United States v. Burks*, 141 F. Supp. 2d 1283, 1285 (D. Kan. 2001);*United States v. Alonso*, 832 F.Supp. 503, 504 (D. Puerto Rico 1993); *United States v. Bergner*, 800 F. Supp. 659, 661 (N.D.Ind.1992).

In resolving this motion, the Court will rely on the record presented to the magistrate judge: an audio recording of the detention hearing, letters submitted by various individuals on Bailey's behalf (DE 19), the Pretrial Services Report prepared in the Northern District of Georgia, and two addenda to that report prepared in this district.

In the last sentence of his motion, Bailey indicates that he intends to submit "additional evidence and reasons" in support of his motion at an evidentiary hearing. Bailey does not further discuss any such additional evidence or explain what that evidence is. If Bailey would like to present additional evidence in support of his release, then he should move the Court for an evidentiary hearing specifically identifying the new evidence.

Under the Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq., the court must order an accused's pretrial release unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1).  Under the act, there is a presumption in favor of detention when there is probable cause to believe that the person committed "an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act (21 U.S.C. §§ 801 et seq.)." 18 U.S.C. § 3142(e)(3)(A). A grand jury indictment charging such an offense triggers this presumption. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). There is no dispute that the presumption applies in this case.

Once the presumption is invoked, the burden of production shifts to the defendant.

2

However, the burden of persuasion regarding risk of flight and danger to the community remains with the government. *Id.* The defendant's burden of production is "not heavy," but he must produce some evidence that he does not pose a danger to the community or risk of flight. *Id.* Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain. *Id*

At the hearing, to rebut the presumption that he posed a flight risk and a danger to the community, Bailey presented two witnesses: his father – James Bailey, Sr. (Bailey, Sr.) – and a former high school teacher and current friend – Ahenewa El-Amin.

El-Amin testified that she had known Bailey for 15 years and that she believed he would abide by any conditions the Court would impose if he were released pending trial. The problem with El-Amin's testimony is that she was not fully acquainted with Bailey's criminal history. That history includes not only convictions for serious crimes but also several convictions that demonstrate an unwillingness to comply with conditions.

Bailey was convicted of possessing cocaine in 2001 and then violated the terms of his probation on that offense. He was convicted of possessing a handgun while a felon and of driving on a suspended license. Bailey was convicted of one of his three DUI charges while released on bond for the handgun offense. He was on probation for the handgun charge when he was convicted for driving on a suspended license. Bailey has been charged twice with failure to appear, once in Kentucky and once in Georgia. Given El-Amin's unfamiliarity with this history, her testimony that Bailey would not engage in conduct that would jeopardize his ability to spend time with his children lacks significance.

Various individuals submitted letters to the Court in support of Bailey's release. However, like El-Amin, none of these individuals indicate that they are fully aware of Bailey's criminal history.

3

Bailey, Sr. testified that Bailey could live with him pending trial. While this may diminish somewhat the flight risk posed by Bailey, it does not diminish the presumption that Bailey poses a danger to the community. Bailey has lived with his dad for almost all of his life and it has not stopped Bailey from engaging in dangerous behavior. While living with his dad, Bailey was convicted of various serious charges including the 2001 conviction for possessing cocaine, three DUI convictions in a six-year time span, and the 2012 conviction for being a felon in possession of a firearm.

Bailey has not rebutted the presumption that he poses a danger to the community and a flight risk.  He must therefore be detained pending trial.

With his motion requesting a review of the magistrate judge's detention order, Bailey argues that he has presented sufficient evidence to rebut the presumption of detention. Even without the presumption, however, considering the factors set forth in § 3142(g), Bailey must be detained. Where the presumption does not apply, detention is appropriate if the government proves by a preponderance of the evidence that the defendant is a flight risk or if it proves by clear and convincing evidence that the defendant poses a danger to the public or any person.  *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004).

In making this determination, the court is to consider "the available information" on the following factors: the nature and circumstances of the offense, including whether the offense is a crime of violence or involves a controlled substance; the weight of the evidence against the person; the history and characteristics of the person; and the nature and seriousness of the danger to any person or the community posed by the person's release. 18 U.S.C. § 3142(g).

Bailey is charged with a serious offense: conspiring to sell a large amount of cocaine. And the government has filed a notice of enhanced statutory punishment because of

4

Bailey's prior felony conviction for possession of cocaine. Thus, the nature and circumstances of the offense weigh in favor of detention.

As to the weight of the evidence against him, Bailey argues in his motion that the evidence against him on the drug charge is weak. Indeed the magistrate judge concluded that the proof presented by the government at the hearing "could not have been much weaker and essentially was a nullity." (DE 18-1, Detention Order.) But the Sixth Circuit has interpreted the weight-of-the evidence factor to mean "the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt." *Stone*, 608 F.3d at 948.

The evidence of Bailey's dangerousness and of his flight risk consists of the criminal history discussed above, which was compiled by the United States Probation Office and documented in court records. Bailey does not dispute any of this evidence.

As to Bailey's history and characteristics, Bailey, Sr. testified that Bailey had lived in Lexington all his life and that he owns some rental property in Lexington. But Bailey inexplicably and recently moved to Georgia. Bailey, Sr. testified that Bailey moved to Georgia to be with his two sons. But the pretrial services report from Georgia states that Bailey's sons reside with him. Bailey, Sr. testified that Bailey had always been the primary caregiver for the two sons. If Bailey's children did move to Georgia before Bailey, there was no testimony as to why or how they did so. Further, the fact that his sons are living in Georgia diminishes Bailey's ties to the Lexington community.

It is likewise unclear how Bailey makes a living in either Georgia or Kentucky. His dad testified that Bailey is self-employed in the lawn-care business. But Bailey, Sr. also testified that a significant portion of Bailey's lawn-care equipment is still in Lexington.

Bailey's criminal history demonstrates an obvious problem with alcohol in the past and,

as discussed, a willingness to defy legal conditions and to engage in dangerous conduct. He has repeated DUIs and a history of involvement with drugs and firearms. As a whole, Bailey's criminal history renders his release a serious risk to the community. This conclusion is consistent with the conclusions of the United States Probation Office in both the Northern District of Georgia (where Bailey was arrested) and this district. Both offices concluded that there is no condition or combination of conditions that would reasonably assure the appearance of the defendant as required and the safety of the community.

For all these reasons, the Court finds by a preponderance of the evidence that there are no conditions that would reasonably assure Bailey's appearance if he were released. For the same reasons, the Court finds by clear and convincing evidence that there are no conditions that could reasonably assure the community's safety if Bailey were released.

Accordingly, the Court hereby ORDERS that Bailey's motion for review of the magistrate judge's detention order (DE 32) is GRANTED to the extent that he seeks a review of the order but is DENIED to the extent that he seeks that the magistrate judge's order be set aside.

Dated September 8, 2015.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY