UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION -- LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>      Plaintiff,<br><br>V.<br><br>JAMES RICHARD BAILEY, JR.,<br>      Defendant. | CRIMINAL NO. 5:15-03-KKC<br><br><br>**OPINION AND ORDER** |

This matter is before the Court on a motion to dismiss (DE 51) the indictment filed by the defendant James Richard Bailey, Jr. The defendant is represented by retained counsel in this matter. Nevertheless, he filed this motion pro se. The motion will be denied for several reasons.

First, the defendant is not permitted to represent himself in this matter. The defendant has a constitutional right to be represented by counsel or, alternatively, to represent himself. *United States v. Mosely*, 810 F.2d 93, 97 (6th Cir.1987) (citing *Faretta v. California*, 422 U.S. 806 (1975)). He does not, however, have a right to be represented by counsel and to represent himself simultaneously in the same case. *Id*. at 97-98. The defendant has retained experienced counsel and there is no indication that the defendant himself has any legal training. While the defendant should certainly consult with his counsel, the Court declines to permit him to act through retained counsel at times while representing himself at others. Accordingly, any requests by the defendant for Court action, including dismissal of the indictment, must come through his retained counsel.

Second, the motion is inexcusably late. The motion was filed on January 7, 2016. This matter is set for trial on January 19, 2016. This Court ordered that all defensive motions be filed within 30 days after arraignment (DE 14). The defendant was arraigned on April 10, 2015. He offers no explanation for his excessive delay in filing the motion.

Finally, the defendant has not asserted any valid grounds for dismissal of the indictment. "[A] defendant who wishes to challenge an indictment valid on his face bears a heavy burden indeed. The validity of an indictment is not affected by the type of evidence presented to the grand jury, even though that evidence may be incompetent, inadequate or hearsay." *United States v. Markey*, 693 F.2d 594, 596 (6th Cir.1982) (citations omitted). "When a body of citizens, properly chosen and constituted as a grand jury, finds probable cause to believe that a crime has been committed within its jurisdiction, that finding is sufficient to require a trial." *United States v. Short*, 671 F.2d 178, 183 (6th Cir.1982).

The defendant does not argue that the indictment is invalid on its face or that the grand jury was improperly constituted. Instead, he argues the indictment is not supported by sufficient evidence. "[A] defendant may not challenge an indictment on the ground that it is not supported by sufficient evidence [before the grand jury]." *United States v. Levin*, 973 F.2d 463, 468, n.2 (6th Cir. 1992). The court will instruct the jury that the indictment is not evidence and that the prosecution must prove every element of the offense beyond a reasonable doubt. If the prosecution is unable to do so, the defendant is entitled to an acquittal. "However, the prosecution's evidence is tested at trial, not in a preliminary proceeding." *Short*, 671 F.2d at 183.

For all these reasons, the Court hereby ORDERS that the defendant's motion to dismiss the indictment (DE 51) is DENIED.

Dated January 12, 2016.

*Karen K. Caldwell*
KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY